81 F.3d 169
 RICO Bus.Disp.Guide 9022
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MELRIDGE, INC. SECURITIES LITIGATION.
Peter BAKER; Janet Baker; Sheffield R. Phelps, a resident
of Washington; Charles Chidsey; Muriel W.
Chidsey, Plaintiffs/Appellees,
v.
George R. HEUBLEIN, et al., Defendants,
and
Gordon H. Flattum, Defendant/Appellant.
 No. 93-36184.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1996.*
Decided March 27, 1996.
 
 1
 Before: CANBY, REINHARDT and HALL, Circuit Judges**.
 
 
 2
 Defendant Gordon H. Flattum appeals a judgment of $239,533,916 entered against him and other defendants in this securities class action. The facts underlying this litigation are known to the parties and will not be repeated here. The district court entered summary judgment against Flattum on the question of liability under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 of the Securities Exchange Commission, 17 C.F.R. § 240.10b-5, RICO, 18 U.S.C. § 1962, and certain state law claims. At the trial of the remaining issues, Flattum did not appear or defend, and the district court entered a default judgment against him.
 
 
 3
 Flattum raises no genuine issue of material fact that would cast doubt on the summary judgment against him. Indeed, Flattum was criminally convicted of securities fraud for the same conduct that led to summary judgment, and his conviction was affirmed by this court. United States v. Flattum, No. 93-30126 (9th Cir. Mar. 21, 1994) (unpublished disposition). Similarly, Flattum shows no error in the entry of default judgment after he failed to defend, nor does he present any proper grounds for relief from the default.[1]
 
 
 4
 Flattum now contends that the summary judgment and default judgment against him should be set aside because of the recent Supreme Court decisions in Reves v. Ernst & Young, 407 U.S. 170 (1993), and Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 114 S.Ct. 1439 (1994). Flattum's contentions are frivolous.
 
 
 5
 In Reves, the Supreme Court held that Ernst & Young could not be liable under RICO because, as outside auditor, it did not "participate in the operation or management of the enterprise itself." Reves, 507 U.S. at 185. Here, plaintiffs presented uncontradicted evidence that Flattum participated directly in the conduct of Melridge's affairs and in the control of Melridge's finances. Reves is therefore of no assistance to Flattum.
 
 
 6
 The Supreme Court's decision in Central Bank is relevant only to the § 10b-5 claim, and not to the RICO claim. See Central Bank, 114 S.Ct. 15 1444-46. The RICO claim against Flattum resulted in the judgment of $239,533,916 when damages were trebled. The RICO claim thus subsumed the section 10b-5 award. Thus, even if Flattum's view of Central Bank were correct, the decision could have no effect upon the $239,533,916 default judgment against Flattum.
 
 
 7
 We have reviewed Flattum's other contentions and find them to be wholly without merit.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Judge Tang was originally a member of this panel. He died prior to circulation of this opinion, and pursuant to General Order 3.2(g), Judge Hall was drawn as a replacement. Judge Hall was provided with the briefs and other materials received by the other members of the panel
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 This court, by order dated February 25, 1994, has already considered and rejected a previous motion by Flattum to set aside his default judgment